No. 10,297.

COHN & FEIBELMAN VS. C. H. PARKER, STATE TAX COLLECTOR.

One engaged in cutting and making coats and pants, out of jeans cloth which has been already manufactured by another, is not a manufacturer of textile fabrics in the sense of article 207 of the constitution; and "the capital, machinery, and other property employed" therein, are not exempt from taxation.

APPEAL from the Civil District Court, Parish of Orleans. *King*, J.

*Leonard, Marks & Bruenn* for Plaintiffs and Appellants.

*Walter H. Rogers*, Attorney General, and *Wynne Rogers*, for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J. The tax collector made a seizure of the plaintiffs' movable and personal property, consisting of a stock of merchandise, being the contents of a store, embracing men's clothing, and the counters and fixtures, and situated at 70 and 72 Common street, in the city of New Orleans, the plaintiffs having made default in the payment of the taxes assessed on their merchandise in the years 1884, 1885, 1886, 1887 and 1888.

They resisted this seizure by injunction, setting up as a bar to the enforcement of said taxes the exemption contained in the two hundred and seventh article of the constitution.

The averment of their petition is that they "have been for the past several years, and are now engaged in business as manufacturers of textile fabrics, *manufacturing jeans clothing out of raw materials.* * * That for the purpose of such manufacture they have employed constantly more than five hands. * * That as such manufacturers they are, under the constitution of the State, exempted from the payment of any license, or

property tax upon their said business and manufactory, and upon the capital, machinery, and other property employed in said manufactory."

· The defendant denies plaintiffs' right to the constitutional exemption pleaded.

The testimony of the plaintiffs, as witnesses in their own behalf, is that they are, and have been for eighteen or: twenty years, engaged in manufacturing textile fabrics; but·upon their cross-examination they admitted that they did not manufacture the *cloth* out of which jeans clothing was made—only manufactured *coats and pants*, out of jeans cloth, which had been manufactured by others. ·

The contention of plaintiffs involves the construction of article 207 of the State constitution of 1879, which reads as follows : " There shall also be exempt from taxation and license for a period of ten years from the. adoption of this constitution, the capital, machinery and other property employed in the manufacture of textile fabrics, leather, shoes, harness, saddlery, hats, flour, machinery, agricultural implements and furniture, and other articles of wood, marble or stone, soap, stationery, ink and paper, boat building and chocolate; *provided*, that no less than five hands are employed in any one factory."

A casual inspection of the article is sufficient to show that the interpretation placed upon it by the district judge is correct, and that he properly dissolved plaintiffs' injunction. It exempts from taxation " the capital, machinery and other property employed in the manufacture of *textile fabrics*." It, also, exempts such articles as are employed in the " manufacture of * * leather, shoes, harness, saddlery, hats, etc." *eo nomine*. It does not, in terms, exempt from taxation the manufacture of *coats and pants, or jeans clothing*.

And, to say that it exempts the manfacture of *coats and pants*, out of jeans cloth already manufactured by another, would be to read into the article an additional exemption not contained in it. Or, to say that the making·of coats and pants *out of* a textile fabric already manufactured, is "the manufacture of textile fabrics," in the sense of the constitution, would be to confound the terms completely; for the making of the coats and pants presupposes the *previous existence* of the fabric out of which they are cut and made; and the manufacture of the fabric presupposes the *subsequent cutting and making* of the coats and pants. ·

Hence it is quite clear that one cannot be taken for the other, and that the cutting and making of jeans coats and pants out of a previously manufactured article, is not, in the sense of the law, " the manfacture of textile fabrics."

· We do not regard *City vs. Arthurs*, 36 Ann. 98, as applicable to the

Railroad Company vs. Sledge.

question presented here. In that case, the payment of the tax demanded by the city was resisted by the defendant on the ground that the property assessed was "a manufactory of fish-lines, ropes, packing and other hempen articles," and therefore exempt as being "employed in the manufacture of textile fabrics."

The alleged exemption was maintained by this court, and the defendant relieved from the payment of the tax. Such articles as fish-lines and ropes can only be made by being woven from raw materials, and are themselves "textile fabrics." But nets and hammocks made out of lines and ropes would not be textile fabrics.

The plaintiffs have not presented a case entitling them to relief.

Judgment affirmed.